# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| ANDRE P. TOWNSEND, #189415, | ) ) ) |
| Plaintiff, | ) Civil Action No. 0:04-2554-RBH-BM ) |
| v. | ) ) |
| YVONNE BLANDSHAW, MARILYN JAMES, FNU BRADLEY, | ) **REPORT AND RECOMMENDATION** ) ) ) |
| Defendants. | ) ) |

    This action has been filed by the Plaintiff, pro se, pursuant to 42 U.S.C. § 1983. Plaintiff, an inmate with the South Carolina Department of Corrections and a frequent filer of litigation in this Court, alleges violations of his constitutional rights by the named Defendants.

    The Defendants filed a motion for summary judgment pursuant to Rule 56, Fed.R.Civ.P., on July 10, 2006. As the Plaintiff is proceeding pro se, a Roseboro order was entered by the Court on July 12, 2006, advising Plaintiff of the importance of a motion for summary judgment and of the need for him to file an adequate response. Plaintiff was specifically advised that if he failed to respond adequately, the Defendants' motion may be granted, thereby ending his case. However, notwithstanding the specific warning and instructions as contained in the Court's Roseboro order, Plaintiff failed to file any response to the Defendants' motion, which is now before

1



the Court for disposition.[1]

## Background and Evidence

Plaintiff alleges in his verified Complaint[2] that he has been denied access to the courts and denied due process in a disciplinary hearing. With respect to his denial of access to the courts claim, Plaintiff alleges that in December 2003 and January 2004 he submitted "law book requests" and received no response. Plaintiff alleges that he thereafter filed a grievance on January 13, 2004 alleging that the Defendant James (prison librarian) was not providing law books within three (3) working days, as provided by policy, and that on January 14, 2004 he submitted a request to staff member form letting James know that he had filed a grievance.

Plaintiff also alleges that on March 23, 2004, he submitted a brief for photocopying to James, but that this brief was returned "stating that I had insufficient funds to make copies." Plaintiff alleges that he then filed another administrative grievance. Plaintiff also alleges that he submitted a formal complaint to the general counsel on February 23, 2004 complaining that the library personnel were not providing him with adequate assistance in receiving law books, photocopies, or assistance from law clerks, and that it was taking him two to three weeks to receive law books and copies. Plaintiff alleges that he received a response from Deputy General Counsel

---

[1] This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d) and (e), D.S.C. The Defendants have filed a motion for summary judgment. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.

[2] In this Circuit, verified complaints by pro se prisoners are to be considered as affidavits and may, standing alone, defeat a motion for summary judgment when the allegations contained therein are based on personal knowledge. Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991). Plaintiff has filed a verified Complaint. Therefore, even though Plaintiff did not respond to the motion for summary judgment, the undersigned has considered the factual allegations set forth in the verified Complaint in issuing a recommendation in this case.



Mary Anderson advising him that his complaint should be processed through the grievance system. Plaintiff alleges that he has "physically suffered by constant headaches, lack of sleep and emotional stress due to the lack of court access by Defendant James."

With respect to his due process claim, Plaintiff alleges that on March 17, 2004 he was served with a disciplinary charge for using obscene, vulgar or profane language or gestures. Plaintiff alleges that he requested counsel substitute to represent him and for his accuser to be present at the disciplinary hearing, which was held on March 26, 2004 before the Defendant Bradley. However, Plaintiff alleges that Bradley failed to call his accuser to be physically present or via speaker phone at the disciplinary hearing, and that Bradley also failed to have counsel substitute represent the Plaintiff at the hearing. Plaintiff further alleges that he requested to be allowed to present witnesses at the hearing, but that Bradley failed to call any of his witnesses, stating that the staff report was sufficient. Plaintiff alleges that after this hearing he was given a written disposition stating that he was guilty as charged, and that he received a sentence of phone and canteen restrictions, as well as a loss of twenty (20) days of good time.

Plaintiff alleges that he filed an administrative appeal with the Defendant Blandshaw, but that Blandshaw denied his appeal "by refusing to process it through the inmate grievance system." Plaintiff alleges that on March 8, 2004, he submitted a request to Blandshaw that she process his grievances, but that none of the grievances submitted to Blandshaw were answered, nor were there any continuances pursuant to the grievance procedures. Plaintiff alleges that he also submitted a request to Blandshaw for her to review a tape of the disciplinary hearing held by the Defendant Bradley, but that Blandshaw failed to process Plaintiff's grievance or to assist Plaintiff in reviewing the disciplinary tape to challenge his conviction. Plaintiff alleges that he filed an

3



administrative grievance against Blandshaw on April 8, 2004 for failing to process his grievance, but that this grievance was not answered within forty (40) days as required by the grievance policy. Plaintiff seeks monetary damages against all three Defendants. See generally, Verified Complaint.

In support of summary judgment in the case, the Defendants have submitted a copy of a computer printout showing where Plaintiff received legal copies in close proximity to the dates Plaintiff refers to in his Complaint, which Defendants contend shows that Plaintiff did receive legal copies and did have access to the law library. See Defendants' Exhibit A. The Defendants have also submitted an affidavit from Margaret Bell, Associate Warden at the Lee Correctional Institution (LCI), where Plaintiff was housed during the relevant time period.[3] Bell attests that the unit where the Plaintiff was housed during the times mentioned in his Complaint was on lock-down for an extended period of time due to the fact that this particular unit had experienced a major disturbance that resulted in hostages being taken. Bell attests that, since the unit was on lock-down, it became a logistical issue as far as allowing inmates the use of the law library, and that in order to prioritize the law library use, a memorandum was generated giving guidelines on law library use. A copy of this memorandum is attached to Bell's affidavit as an exhibit. This exhibit shows that inmates who had court cases with a date coming soon would be able to be escorted to the law library on Fridays, effective July 16, 2004, from 8:00 a.m. until 11:45 a.m., with inmates requesting use needing to document the date of their court hearing and submit their request to James. The exhibit further provides that inmates who do not have documents showing the date of their court hearing can so specify and James would have the law clerks obtain follow-up verification. James was also to

---

[3] This affidavit bears the caption of another one of Plaintiff's cases, Townsend v. Padula, C/A No. 0:04-21879. The information contained therein is nevertheless relevant to the case at bar.

4



develop an outcount each week with respect to these requests, which would be sent to Major Brooks or Associate Warden Bell. All inmates from the outcount were to be escorted. See generally, Bell Affidavit, with attached Exhibit.

The Defendant Bradley has submitted an affidavit wherein she attests that she was the hearing officer for the disciplinary hearing concerning Plaintiff that was conducted on March 26, 2004. Bradley attests that this was a minor hearing, at which Plaintiff was not entitled to a counsel substitute. See Bradley Affidavit (Defendants' Exhibit B); *cf.* Gwinn v. Awmiller, 354 F.3d 1211, 1219-1220 (4th Cir. 2004), cert. denied, 543 U.S. 860 (2004) (citing Wallace v. Tilley, 41 F.3d 296, 301 (7th Cir. 1994) [observing that a prisoner "had no right to have counsel present at a disciplinary hearing."]. Finally, the Defendants have submitted an affidavit from Mary Coleman, who attests that she is the Director of the Inmate Grievance System, and that on or about March 25, 2004 through July 19, 2004, the Employee Grievance Coordinators at LCI were temporarily removed from their duties pending an internal investigation. Coleman attests that, during that time, her central office staff and the grievance branch processed grievances fully on a part-time basis, which created an excessive backlog. Coleman attests that the Defendant in this case, Yvonne Blandshaw, was one of the inmate grievance coordinators at LCI who was removed from her duties on March 25, 2004, and subsequently terminated. Therefore, after March 25, 2004, Blandshaw never performed any grievance processing for the Department of Corrections. See Coleman Affidavit (Defendant's Exhibit B2).

## **Discussion**

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that

5



there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rule 56(c), Fed.R.Civ.P. The moving party has the burden of proving that judgment on the pleadings is appropriate. Once the moving party makes this showing, however, the opposing party must respond to the motion with "specific facts showing there is a genuine issue for trial." Rule 56(e), Fed.R.Civ.P. Further, while the Federal Court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, see Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972), the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a Federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990).

First, it must be stressed that the Plaintiff has severely hurt his cause by failing to offer any evidence, or even argument, to support his case or to oppose the Defendants' summary judgment motion and exhibits. All the Court has to support his claim are the general allegations of his Complaint. With regard to his access to the courts claim, however, Plaintiff's general and conclusory allegations are not sufficient to create a genuine issue of fact as to whether he was denied access to the courts, or that he suffered any harm in any legal proceeding because of any Defendants' actions. In order to survive summary judgment on this claim, Plaintiff must have submitted evidence at least sufficient to create a genuine issue of fact as to both a denial of court access *and* whether he suffered some prejudice resulting from the denial of access. See Strickler v. Waters, 989 F.2d 1375, 1382-1383 (4th Cir. 1993), cert. denied, 510 U.S. 949 (1993); Magee v. Waters, 810 F.2d 451, 452 (4th Cir. 1987) ["Courts have required a showing by a complaining



prisoner of actual injury or specific harm to him before a claim of lack of access to the courts will be sustained"]; Hause v. Vaught, 993 F.2d 1079, 1084-1085 (4th Cir. 1993); Cochran v. Morris, 73 F.3d 1310, 1317 (4th Cir. 1996) [Dismissal of access to court claim proper where inmate relied on conclusory allegations and failed to identify any actual injury]. He has failed to do so.

Conversely, the Defendants have submitted evidence to show that Plaintiff had access to the law library during 2004, and even if the Court would accept as true for purposes of summary judgment Plaintiff's claim that it took him an excessive period of time to obtain law books from the library,[4] he has offered no evidence whatsoever of any prejudice suffered in any legal proceeding because of these delays. Indeed, the only damages Plaintiff asserts in his Complaint as a result of his lack of access to the Court claim is that he suffered "constant headaches, lack of sleep and emotional stress....". Complaint, at ¶ 20. These are not the type of damages typically awarded in a denial of access to the Court claim, and in any event Plaintiff cannot obtain damages for mental or emotional injuries without a showing of physical injuries. See 42 U.S.C. § 1997e(e) ["no federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injuries suffered while in custody without a prior showing of physical injury"]. See also Singh v. Holcomb, No. 91-3395, 1992 WL 249938 at **1 (8th cir. Oct. 2, 1992) [While plaintiff sufficiently alleged that officers had culpable state of mind, the sleep deprivation he described did not show the "extreme deprivation" needed to fulfill the objective component of an Eighth Amendment conditions-of-confinement claim.]; Morin v. Harvey, No. 90-35745, 1991 WL

---

[4] It is not clear from Bell's affidavit whether the "lock-down" period included the December 2003/January 2004 period of time referenced by the Plaintiff in his Complaint, because the memorandum attached to her affidavit is from July 2004. Nevertheless, for the reasons set forth hereinabove, the general and conclusory claims in Plaintiff's Complaint are insufficient to proceed on this claim.

7



259968 at \*\*1 (9th Cir. Dec. 4, 1991) [Summary judgment granted where only claim for damages arose from loss of sleep and mental anguish not arising to a constitutional violation.].  No constitutional violation has been shown with respect to this claim.

As for Plaintiff's complaints about his disciplinary hearing, Bradley attests in her affidavit that this was a "minor" hearing, at which Plaintiff was not entitled to a counsel substitute. While Plaintiff is entitled to a hearing and/or other procedural safeguards for protected interests, such as the loss of good time credits, he is not entitled to a due process hearing every time action is taken to control his behavior.  See generally, Wolff v. McDonnell, 418 U.S. 539, 557 (1974). Plaintiff, of course, alleges in his verified Complaint that part of the penalty he received was a loss of good time, and since none of Plaintiff's hearing documents have been provided to the Court as exhibits, for purposes of summary judgment the undersigned has accepted Plaintiff's claim that he suffered a loss of good time credits as a result of this disciplinary hearing. In fact, Plaintiff specifically requests monetary damages from the Defendants because of his loss of good time.

Assuming the correctness of this assertion in his Complaint, however, his due process claim becomes subject to dismissal, without prejudice, under Heck v. Humphrey, 512 U.S. 477 (1994).  Heck, in pertinent part, states:

> [I]n order to recover damages for allegedly constitutional conviction or imprisonment, or for other harm caused by actions whose lawfulness would render a conviction of sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

Heck, 512 U.S. at 486-487.

Although Plaintiff is only seeking monetary damages in this case, he is clearly challenging the procedures used to deny him good time credits. Therefore, a successful prosecution of this action

8



by the Plaintiff would clearly call into question the validity of his conviction on the disciplinary charges. While Heck involved a conviction, the holding in Heck applies equally to cases which question the validity of an internal prison disciplinary conviction and sanction that affects the length of an inmate's overall sentence, such as those involving good time credits. See Black v. South Carolina Department of Corrections, et al., C/A No. 0:98-1858-22 [order of the Honorable Cameron McGowan Currie, filed March 2, 2000]; see also Edwards v. Balisok, 520 U.S. 641, 648 (1997) [holding that a prisoner cannot bring a § 1983 claim challenging a disciplinary proceeding resulting in a loss of good-time credits if the possible relief would necessarily imply the invalidity of the punishment imposed]; Pierce v. Freeman, 121 F.3d 699 (4th Cir. 1997) [holding that prisoner cannot proceed on § 1983 claim challenging the validity of a disciplinary proceeding resulting in the deprivation of good time credits]; McClain v. Leisure, No. 05-3996, 2006 WL 2468545 at *3 (7th Cir. Aug. 28, 2006). Therefore, Plaintiff's due process claim must be dismissed.

Finally, Plaintiff's Complaint could be read as asserting a constitutional violation due to alleged non-processing, or improper processing, of his grievances. However, to the extent Plaintiff has intended to complain about the access he has been given to the prison grievance system itself, this is not a claim cognizable under 42 U.S.C. § 1983, as there is no constitutional right to access to a prison grievance procedure. See Adams v. Rice, 40 F.3d 72 (4th Cir. 1994); Flick v. Alba, 932 F.2d 728, 729 (8th Cir. 1991); Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) [existence of a prison grievance procedure does not confer any substantive right upon inmates]; Brown v. Dodson, 863 F.Supp. 284 (W.D.Va. 1994) [inmates do not have a constitutionally protected right to a grievance procedure]; Azeez v. DeRobertis, 568 F.Supp. 8, 10 (N.D.Ill. 1982) [even where a state elects to provide a grievance mechanism, violations of its procedures do not

9



deprive prisoners of federal constitutional rights. Therefore, a state's failure to follow its grievance procedures does not give rise to a § 1983 claim]; Spencer v. Moore, 638 F.Supp. 315, 316 (E.D.Mo. 1986) [holding that an inmate grievance procedure is not constitutionally required]; see also McGuire v. Forr, No. 94-6884, 1996 WL 131130, at *1 (E.D.Pa. March 21, 1996), aff'd, 101 F.3d 691 (3d Cir. 1996) [creation of a grievance system by a state does not create any federal constitutional rights, as prisoners are not constitutionally entitled to a grievance procedure]; Moore v. Sergent, No. 01-1271, 2001 WL 1355298 (6th Cir. Oct. 26, 2001); *cf.* Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989) [prison officials may place reasonable limits on prisoner's access to grievance procedure]. Therefore, this issue does not state a claim for which relief can be granted under § 1983.

## Conclusion

Based on the foregoing, it is recommended that the Defendants' motion for summary judgment be **granted**, and that this case be **dismissed**.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

Columbia, South Carolina

October 5, 2006

10



**Notice of Right to File Objections to Magistrate Judge's Report and Recommendation**
**&**
**The Serious Consequences of a Failure to Do So**

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of its filing. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. Based thereon, this Report and Recommendation, any objections thereto, and the case file will be **delivered to a United States District Judge** fourteen (14) days after this Report and Recommendation is filed. Advance Coating Technology, Inc. v. LEP Chemical, Ltd., 142 F.R.D. 91, 94 & n. 3 (S.D.N.Y. 1992). A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. See Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993).

During the ten-day period, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** Failure to file written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-47 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991). See also Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> **A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.**

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-19 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> **Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.**

See also Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd. Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections. See Wright, supra,; and Small v. Secretary of HHS, 892 F.2d 15, 16 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing addressed as follows:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

11

